[See Case No. 10,915.]

---

NICHOLAS (PRICE v.). See Case No. 11,415.

---

## Case No. 10,225.

### NICHOLL et al. v. SAVANNAH STEAMSHIP CO.

[2 Cranch, C. C. 211.] [1]

Circuit Court, District of Columbia. June Term, 1820.

CORPORATIONS—ATTACHMENT—APPEARANCE WITHOUT BAIL.

An attachment under the Maryland act of 1795, c. 56, against the property of a corporation aggregate, will be dissolved by its appearance without bail.

A ship, the property of the Savannah Steamship Company, incorporated under an act of the legislature of Georgia, was attached under the Maryland act of 1795, c. 56, for a debt due to the plaintiffs [F. Nicholl and others]. A writ of capias ad respondendum was issued at the same time, command-

ing the marshal to take the Savannah Steamship Company.

Upon the return of these writs, Mr. Taney offered to appear for the defendant to the capias, without bail.

Mr. Jones, for plaintiffs, objected to the appearance without bail, or security equivalent to bail, and moved the court for judgment of condemnation against the attached effects.

Mr. Taney, for defendant. A capias will not lie against a corporation aggregate. It is an invisible, intangible body. The only process against it, to compel an appearance, is summons and distress. It has a right to appear, and the court cannot rule it to give special bail. The attachment is only to compel an appearance; and for that purpose also the act provides that a capias ad respondendum shall be therewith issued, and if both writs are served, the capias supersedes the attachment, and the attached effects are discharged; and if it be a case in which the defendant cannot, according to law, or the rules of the court, be held to special bail, his appearance will be entered without bail.

THE COURT (nem con.) was of opinion that the defendant had a right to appear to the capias, and that such appearance dissolved the attachment.

Mr. Jones, for plaintiffs, took a bill of exceptions, which stated "that the attorney for the plaintiffs, on the 7th day of July, at the session of the court which commenced on the first Monday of June, (which was the return day of the attachment,) moved the court for judgment of condemnation against the property and effects of this defendant attached in this cause; and in support of the grounds alleged by the plaintiffs in their affidavit, account, and short note, upon which the attachment issued, produced and read in evidence to the court, the depositions of H. B. P. and H. C. &c."

Whereupon, A. Taney, Esq., as attorney for defendant, applied to the court for leave to enter a common appearance by attorney for the defendant in the said suit, and without showing any cause against the condemnation or any defense against the debt so proved as aforesaid, to dissolve the said attachment upon a mere appearance, to which the plaintiffs by their counsel objected, and insisted that the said attachment should not be dissolved, but that the court should proceed to judgment of condemnation, notwithstanding the appearance of the defendant by attorney, as aforesaid, unless the defendant, besides offering such appearance, should make an effectual defence in the said suit, and show good cause against the condemnation prayed by the plaintiffs.

But THE COURT overruled the objection of the plaintiffs' counsel, and refused to proceed to a determination of the merits of the said attachment, and refused to render judgment of condemnation upon the said attachment, and ordered the said attachment to be dissolved upon a mere appearance by attor-

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

ney as aforesaid; and ordered the suit upon the capias, issued with the attachment, to be continued under the ordinary rules to plead, &c.